UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IVAN OJEDA, individually and on behalf of a class of others similarly situated,

      Plaintiff,

v.

KALLBERG INDUSTRIES, LLC,
      Defendants.
_____/

CASE NO.: 21-61071-CIV-ALTMAN/HUNT

Class Action

**DEFENDANT'S MOTION TO AMEND ORDER SETTING TRIAL AND PRE-TRIAL SCHEDULE, AND FOR ENLARGEMENT OF CASE MANAGEMENT DEADLINES**

Defendant, Kallberg Industries, LLC ("Kallberg"), respectfully submits this motion to amend this Court's Order Setting Trial and Pre-Trial Schedule [DE 29] and for enlargement of case management deadlines for those matters made necessary by Plaintiff Ivan Ojeda's ("Ojeda") motion for class certification and says:

1.    The original Order Setting Trial and Pre-Trial Schedule, Requiring Mediation, and Referring Certain Matters to Magistrate Judge [DE 29] was issued August 17, 2021. It ordered the following deadlines:

January 26, 2022. The Plaintiff shall file a motion for class or collective action certification.

March 22, 2022. The parties shall exchange expert witness summaries or reports.

April 5, 2022. The parties shall exchange rebuttal expert witness summaries or reports.

April 19, 2022. All discovery, including expert discovery, shall be completed.

May 3, 2022. The parties must have completed mediation and filed a mediation report.

2.    Ojeda's Complaint as originally filed purports to give notice of intent to seek class certification for three separate classes [¶¶17-21].

3. Subsequently, Ojeda sought and obtained two extensions of the deadline to file his motion for class certification (the "Certification Motion").

4. Ojeda filed his Certification Motion on March 11, 2022.

5. The current deadline for Kallberg to respond to the Certification Motion is Friday, March 25, 2022.

6. Unlike the Complaint, the Certification Motion seeks only to certify a single, broadly-defined class.

7. Requiring Kallberg to respond to the Certification Motion a mere two weeks from its filing – a period of time that would not provide sufficient time to serve class certification discovery and receive responses, let alone permit Kallberg to review the Certification Motion in order to insure that its class certification discovery is calculated to yield all the information necessary to oppose the Certification Motion – would not afford Kallberg the opportunity to intelligently respond to the Certification Motion.

8. And even if the deadline to respond to the Certification Motion were extended, Kallberg cannot complete discovery relating to the Certification Motion in the approximately month-long period remaining under the current schedule.

9. In addition, the broad definition of the purported class in the Certification Motion includes potential class members to whom Kallberg is not liable for damages under the FLSA or any other wage and hour statute at issue in this case.

10. Specifically, liability to a given worker in this case will turn on whether that individual worker worked for more than an average of twelve (12) hours per workday in a given workweek.

11. Kallberg anticipates that class certification discovery will yield evidence that will prove that Kallberg is *not* liable to a significant number of potential class members, and that the commonality requirement to certify a class is not met because no one set of evidence can establish liability for all members of the proposed class.

12. Kallberg requests that the Court issue a scheduling order with the following deadlines:

   a. Ninety days from entry of the order to complete class certification related discovery and expert disclosures.

   b. One hundred and twenty days from entry of the order to complete expert depositions.

   c. Opposition brief to the Certification Motion due 30 days after completion of final class action certification expert deposition.

13. Discovery as to class action certification, while discretionary with the Court, is necessary in this matter to determine whether the proposed class meets the requirements of Federal Rule of Civil Procedure 23(a) and (b). This is especially as to commonality, as Ojeda's complaint [DE 1] explicitly states that the complaint is being brought on behalf of "multiple classes" [¶17] who were paid under different systems [¶19] while performing transportation, manual and technical labor duties. [¶45].

14. Because the Certification Motion includes questions of worker duties, payroll classification and computation, expert testimony will be required. Kallberg will not be able to prepare its response to the motion for class certification without the benefit of its expert.

15. The presumption is against class certification, *Brown v. Electrolux Home Prod., Inc.,* 817 F.3d 1225, 1233 (11th Cir. 2016), and courts must engage in "rigorous analysis" of

whether a class should be certified. *Ohio State Troopers Ass'n v. Point Blank Enters., Inc.,* 347 F. Supp. 3d 1207, 1217 (S.D. Fla. 2018). Conducting the sought-after discovery, including experts, will only assist the Court in its performance of this rigorous analysis.

16.    No party would be prejudiced by the entry of an order extending the case management deadlines.

17.    On the other hand, Kallberg would suffer significant prejudice if not permitted additional time to conduct discovery and respond to Ojeda's Certification Motion. The Certification Motion gave Kallberg notice for the first time on March 11 that Ojeda had changed the class he intended to seek certification for from the three separate classes set forth in the original Complaint.

18.    On the other hand, permitting class certification discovery and enlargement the case management deadlines to permit this discovery would permit Kallberg to fully brief the issues for this Court's consideration and would aid the Court and the Parties in resolving the Certification Motion on the merits.

WHEREFORE, Kallberg requests entry of an order setting the deadlines for class certification-related discovery and briefing as set forth in paragraph 12 above.

## CERTIFICATE OF GOOD-FAITH CONFERRAL

I HEREBY CERTIFY that on March 22, 2022, I conferred via email with counsel for Plaintiff, who objected to the relief sought in this Motion.

Dated: March 22, 2022.

Respectfully submitted,

*/s/ Garrett Severson*
Paul Thanasides
Florida Bar No. 103039
paul@mcintyrefirm.com

>clservice@mcintyrefirm.com
>Garrett Severson
>Florida Bar No. 108259
>garrett@mcintyrefirm.com
>complexlit@mcintyrefirm.com
>McIntyre Thanasides Bringgold Elliott
>Grimaldi Guito & Matthews, P.A.
>500 E. Kennedy Blvd., Suite 200
>Tampa, FL 33602
>Telephone: 813.223.0000
>Facsimile: 813.225.1221
>***Counsel for Kallberg Industries, LLC***

## CERTIFICATE OF SERVICE

HEREBY CERTIFY that on March 22, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

>*/s/ Garrett Severson*
>Attorney