**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| IVAN OJEDA, individually and on behalf of all others similarly situated, § § § § § § § § | |
| v. | No. 21-61071-CIV-ALTMAN/Hunt |
| KALLBERG INDUSTRIES, LLC, | |

**PLAINTIFF'S RESPONSE TO KALLBERG'S MOTION TO AMEND ORDER SETTING TRIAL AND PRE-TRIAL SCHEDULE, AND FOR ENLARGEMENT OF CASE MANAGEMENT DEADLINES**

**1.    Summary.**

Kallberg fails to carry its burden to show good cause to push back its response deadline or obtain the information it now claims it needs to respond. Kallberg had months to propound discovery, but failed to do so. Instead, it served 2,068 requests and 1,128 interrogatories on the Plaintiffs a week before its response to class certification was due.

Kallberg knew for months it would only have two weeks under the Local Rules to respond to any motion for class certification. It waited until two days before its response was due to seek an extension. Not content with the two week extension offered by Plaintiffs, it now asks for 150 days before it must respond.

Kallberg had months to find and designate an expert, but failed to do so. It waited until the very day its expert witness summaries or reports were due to seek relief. It fails to identify the type of expert it needs or why it was unable to obtain one previously. It simply insists it needs some sort of expert and asks the Court for 120 more days to bring the expert up to speed and be deposed.

Nothing in Kallberg's motion to amend offers justification for the relief it seeks. Kallberg does identify the standard or claim it has good cause. It simply states in conclusory fashion that this delay and extremely burdensome discovery against the Plaintiffs will assist the Court and not

1

prejudice any party. The Plaintiffs and proposed class members should not lose 150 days (plus the time it takes for the Court to rule) so that Kallberg can finally pursue its defenses. Kallberg fails to carry its burden to alter the deadlines it helped to set, and its motion to amend should be denied.

**2.     Standard of Review.**

Pursuant to Rule 16(b)(4), a schedule order "may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16. "To establish good cause, the party seeking the extension must establish that the schedule could not be met despite the party's diligence." *Ashmore v. Sec'y, Dep't of Transp.*, 503 F. App'x 683, 685 (11th Cir. 2013) (citing *Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1232 (11th Cir.2008)). A "district court has not abused its discretion by holding the litigants to the clear terms of its scheduling order." *Id.* At a minimum, Kallberg had to show it acted diligently.

**3.     Procedural History.**

Ojeda filed his Complaint in this Court nearly a year ago. Doc. 1 (filed May 19, 2021). Kallberg knew since this date Ojeda planned to seek class certification for up to three proposed classes. *Id.* The parties filed a joint scheduling report on August 13, 2021 and "agree[d] that this case should be assigned to the Standard Track." Doc. 27; *see* Local Rule 16.1(a)(2)(B) (in a standard track case, discovery "shall be completed within 180 to 269 days from the date of the Scheduling Order"). The Court's scheduling order, issued just days later, stated Ojeda had to file his motion for class or collective action certification by January 26, 2022. Doc. 29.

On January 26, 2022, Ojeda moved to extend this deadline until the Court ruled on the joint motion to strike Kallberg's Third Party Complaint. Doc. 79. The Court granted this motion and set Ojeda's deadline as March 4, 2022. Doc. 82. On March 4th, Ojeda sought a brief 7-day extension to finalize his motion, Doc. 94, which was granted. Doc. 95. Ojeda subsequently timely filed his motion for class certification on March 11, 2022. Doc. 97.

Rather than seek conditional certification for the proposed FLSA class and class certification for all three proposed Rule 23 classes as originally anticipated, *see* Doc. 1, Ojeda moved for certification only of the Puerto Rico Class. Doc. 97. Even then, he narrowed this class from "[a]ll workers … paid a day-rate or received an hourly rate plus fringe payments…," Doc. 1 at ¶ 21, to "[a]ll relief workers who were: (1) paid a day rate by Kallberg and/or its subcontractors (2) in Puerto Rico (3) on Louis Berger hurricane relief projects (4) in the period October 1, 2017 to November 2018." Doc. 97 at 19-20. This motion is currently pending before the Court.

4. **Kallberg fails to show good cause to amend its deadline to respond to class certification.**

Kallberg's deadline to respond to Ojeda's motion for class certification is March 25, 2022. Doc. 98 at ¶ 5. Kallberg has known since the inception of this case that it would only have 14 days under the local rule to file a response. *See* Local Rule 7(c)(1). At no point, until three days before this deadline, has Kallberg suggested it would need either 1) more than two weeks to respond or 2) any additional discovery. In fact, despite filing the conference report in August 2021, Kallberg sent no discovery to Plaintiffs until March 18, 2022, over 7 months later. *See* Exhibit 1 (Kallberg's First Set of Interrogatories and First Set of Requests for Production). Kallberg made no effort to undertake discovery, much less "certification discovery," until a week before its response was due.

Nothing in its motion demonstrates either that Kallberg acted diligently. Doc. 98. Kallberg does even contend it could not have met its response deadline, which has been pushed back twice with Kallberg's blessing. *Id.*; *see* Doc. 79 (Ojeda's first unopposed motion to extend time to file his motion for class and conditional certification); Doc. 94 (Ojeda's unopposed second motion to extend time to file his motion for class and conditional certification). Kallberg has known this day is coming. It needed to show some diligence before it altering its deadline to respond to Ojeda's motion to seek discovery and find an expert.

3

Kallberg claims this discovery, which it will not receive for at least 30 days,[1] is necessary for it to respond to Ojeda's motion for class certification. To be clear, Kallberg, the company who is alleged to have employed these workers, set their schedules, cut their paychecks, and by law was required to record their hours, now claims it needs records **from the Plaintiffs** to determine who "worked for more than an average of twelve (12) hours per workday in a given workweek." Doc. 98 at ¶ 10. Kallberg does not deny it is likely in possession of virtually all the information is seeks from these Plaintiffs, *see* Ex. 1, nor claim it has made any effort to find or review its own documentation before seeking it from the Plaintiffs. *See* Doc. 98. Kallberg does not point to anything that was unexpected or could not have been previously obtained. *Id.* It simply asserts it cannot respond to class certification without this discovery. This does not demonstrate good cause.

Strangely, Kallberg's single justification for this discovery is to point to the fact Ojeda's complaint references "multiple classes." *Id.* at ¶ 13. This argument doesn't help Kallberg. Not only does it thus admit it was on notice as early as May 2021 (if not before because the initial class and collective action was filed on December 14, 2018) as to the potential scope of the classes Ojeda could seek to certify, it asks the Court to completely ignore the fact that Ojeda seeks certification only for one, more narrowly defined class. *See* Doc. 97. Kallberg tries to justify onerous discovery and significant delay based on the case as it was presented 10 months ago, rather than the actual motion it must respond to.

Notably, Kallberg claims this discovery is designed to determine its liability "under the FLSA or any other wage and hour statute at issue in this case" rather than specifically address the elements of class certification under Rule 23. *Id.* At most, it claims this liability information relates to one element (commonality) but only because Kallberg hopes it will show "no one set of evidence can

---

[1] Kallberg propounded 11 requests for production and 6 interrogatories on each of the 188 plaintiffs in this action, for a total of 2,068 requests and 1,128 interrogatories. Plaintiffs intend to move for representative discovery.

4

establish liability for all members of the proposed class." *Id.* at ¶ 11. At bottom, Kallberg wants to put this action on hold for 150 days so it can build the case against its liability and maybe also obtain information from the Plaintiffs that will address one of four factors of Rule 23 certification.

While Plaintiffs could be amenable to extending the discovery deadline so that both parties may fully address the claims and defenses at issue, there is no reason to postpone briefing on or determination of the class certification. Kallberg has not shown that despite its diligence, it cannot meet its response deadline, and therefore has not shown good cause to alter the Court's order. "If [a] party was not diligent, the [good cause] inquiry should end." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir.1992)).

**5.    Kallberg fails to good cause for extending the expert report deadline.**

Kallberg's deadline to "exchange expert witness summaries or reports" was March 22, 2022. Doc. 29. This deadline has been in place since August 17, 2021. At no point in the last 7 months has Kallberg sought to extend that deadline. It did so only on its actual deadline. Doc. 98 (filed March 22, 2022). It now wants 120 days: 90 days for basic liability discovery and expert disclosures, see Ex. 1, and then 30 additional days for expert depositions. *Id.* at ¶ 12. Kallberg offers no justification as to why it did not or could not comply with the deadline. Doc. 98. It merely informs the Court that it needs an expert because Ojeda's motion for class certification "includes questions of worker duties, payroll classification and computation." *Id.* at ¶ 14.

These "questions" were apparent from the inception of the case. *See* Doc. 1. Ojeda's Complaint itself reflects the putative class members held differing, though similar job duties and titles that were all non-exempt, and the primary allegation that Kallberg failed to properly calculate their rate of pay or pay them as required. *Id.* In fact, his Statement of Claim provides an initial estimate of unpaid wages and the basis for the "calculation of such wages." Doc. 28 at 1-2. For its part, Kallberg's Answer asserts the plaintiffs fell within the administrative or salesperson exempts,

implying they performed such exempt duties. Doc. 49 at 10. The record reflects the job duties, payroll, classification, and calculations were always at the core of this action.

Kallberg offers nothing to suggest it could not, with ordinary diligence, have complied with the existing deadline. *See* Doc. 98.  It fails to even reveal what type of expert it needs, or what function this expert will perform. *Id.* Kallberg simply assures the Court some sort of "expert testimony will be required" and that it can't possibly respond to a motion for class certification without the unidentified benefits of some type of expert. *Id.* at ¶ 14.  This is not a demonstration of "good cause." It is nothing more than an attempt at further delay.

**6.**     **Conclusion.**

For these reasons, Plaintiffs request the Court deny Kallberg's motion to amend order setting trial and pre-trial schedule, and for enlargement of case management deadlines.

                                                                 Respectfully submitted,

By:    */s/ C. Ryan Morgan*
           **C. Ryan Morgan, Esq.**
           FBN 0015527
           Morgan & Morgan, P.A.
           20 N. Orange Ave., 16th Floor
           P.O. Box 4979
           Orlando, FL 32802-4979
           Telephone:    (407) 420-1414
           Facsimile:     (407) 867-4791
           Email:  rmorgan@forthepeople.com

           **Richard M. Schreiber** (admitted *pro hac vice*)
           Texas Bar No. 24056278

**JOSEPHSON DUNLAP, LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
rschreiber@mybackwages.com

**Richard J. (Rex) Burch**
Texas Bar No. 24001807
11 Greenway Plaza, Suite 3025
**BRUCKNER BURCH, PLLC**
Houston, Texas 77046
(713) 877-8788 - Telephone
(713) 877-8065 - Facsimile
rburch@brucknerburch.com

**CERTIFICATE OF SERVICE**

On March 24, 2022, I served a true and accurate copy of the foregoing on all Counsel of record via CM/ECF.

<u>/s/ C. Ryan Morgan</u>
C. Ryan Morgan