UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
Case No. 21-61071-CIV-HUNT

IVAN OJEDA,

        Plaintiff,

v.

KALLBERG INDUSTRIES, LLC,

        Defendant.
_____/

## ORDER TO SHOW CAUSE

This matter is before this Court following an August 31, 2023, status conference. where Plaintiff made an *ore tenus* Motion for Order to Show Cause as to why the Defendant in this matter should not be held in contempt.

To obtain an order holding a party in contempt, the party seeking such an order must "move the court for an order to show cause why the [opposing party] should not be adjudged in contempt for refusing to comply." *Reynolds v. Roberts*, 207 F.3d 1288, 1297 (11th Cir. 2000). Prior to the court granting a show-cause order, the moving party must demonstrate by clear and convincing evidence that the "alleged contemnor violated a court's earlier order." *Peery v. City of Miami*, 977 F.3d 1061, 1077 (11th Cir. 2020). (quotation omitted). "The clear and convincing evidence must establish that: (1) the allegedly violated order was valid and lawful; (2) the order was clear and unambiguous; and (3) the alleged violator had the ability to comply with the order." *Id.* at 1076–77 (quoting *Riccard v. Prudential Ins., Co.,* 307 F.3d 1277, 1296 (11th Cir. 2002)). Once the moving party makes its prima facie showing, the burden then shifts to the alleged

contemnor to produce evidence explaining its noncompliance at a show cause hearing. *Id.*; *see also FTC v. Leshin*, 618 F.3d 1221, 1232 (11th Cir. 2010).

The evidence before this Court is that the undersigned issued a valid, lawful, clear and unambiguous Order requiring that Defendant obtain new counsel on or before August 21, 2023. ECF No. 140. As of August 31, 2023, Defendant, although capable, has failed to comply with this Order. Likewise, on June 14, 2023, this Court entered an order requiring Defendant to make overdue payments on a settlement agreement. ECF No. 136. To date, the Court is unaware of any such payments being made.

Based on the foregoing, it is hereby

ORDERED AND ADJUDGED as follows:

(1) **Within ten days of the date of this Order,** Plaintiff shall effect personal service of this Order on Defendant. **Plaintiff shall file proof of service with this Court within two days of the personal service**. Additionally, Plaintiff shall immediately notify Chambers if Defendant cures the contumacious conduct;

(2) **Within ten days of personal service of this Order**, Defendant shall notify this Court it has retained counsel. Failure to do so may result in a ruling that Defendant be held in civil contempt—which may include a daily fine—until the contempt is purged, as well as an award of additional attorney's fees to Plaintiff; and

(3) a hearing on this matter is set for 2:00 p.m. on Tuesday, **October 3, 2023, in Room 310B of the Federal Building located at 299 E. Broward Blvd., Fort Lauderdale, Florida, 33301.**

DONE AND ORDERED at Fort Lauderdale, Florida this 6th day of September 2023.

*/s/ Patrick M. Hunt*
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies Furnished to:
All Counsel of Record